IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Hilton Duffus, | Case No. 4:10 CV 479 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| J. T. Shartle, | |
| Respondent. | |

### INTRODUCTION

*Pro se* Petitioner Hilton Duffus filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). Petitioner, who is confined at the Federal Correctional Institution Elkton in Lisbon, Ohio, names Warden J. T. Shartle as Respondent. Petitioner challenges the sentence imposed on him by the United States District Court for the Eastern District of Virginia. He claims a change in statutory interpretation "makes him innocent, not of the charge, but of the sentence imposed" (Doc. No. 1, p. 12).

### BACKGROUND

On September 23, 2005, Petitioner pleaded guilty to conspiracy to distribute 1000 kilograms or more of marijuana in violation of 21 U.S.C. § 846. *See United States v. Duffus*, No. 1:05 CR 0341 (E.D. Va. 2005). The district court sentenced him on December 16, 2005 to 168 months in prison, followed by 5 years of supervised release.

Petitioner filed a motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255 on December 22, 2006. *Duffus*, No. 1:05 CR 0341, Doc. No. 35. The trial court denied the motion on

January 24, 2008. His current claim for relief is based on potential sentencing disparities stemming from the implementation of "fast track" sentencing programs in some districts. According to Petitioner, at the time he was sentenced, courts could not consider such disparities when fashioning appropriate sentences. However, Petitioner contends recent changes in case law now allow sentencing courts to consider such disparities.

## DISCUSSION

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Petitioner's Section 2241 claim is barred because the trial court already denied his motion under Section 2255. A federal prisoner may not challenge his sentence under Section 2241 unless the Section 2255 remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The Section 2255 remedy "is not considered inadequate or ineffective simply because [Section] 2255 relief has already been denied." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Nor does a subsequent change in sentencing law, such as Petitioner alleges here, render a previous Section 2255 motion inadequate. *See Okereke v. United States*, 307 F.3d 117, 120-21 (3d Cir. 2002). A claim of "actual innocence" might allow a Section 2241 petition after Section 2255 relief is denied, *see* Charles, 180 F.3d at 757, but Petitioner has raised no such claim here. Indeed, he pleaded guilty to the charge in 2005, and even now he does not claim he is innocent of the charge (Doc. No. 1, p. 12). Petitioner has raised no other argument indicating that his Section 2255 motion was an inadequate or ineffective remedy.

2

**CONCLUSION**

Accordingly, the Petition for Writ of Habeas Corpus is dismissed. Further, under 28 U.S.C. §§ 1915(a) and 2253(c), this Court certifies that an appeal of this action could not be taken in good faith and that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, this Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 9, 2010